UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

| | |
|---|---|
| CENTRAL ILLINOIS CARPENTERS HEALTH & WELFARE TRUST FUND, By and Through Its Board of Trustees; <br><br> and <br><br> MID-CENTRAL ILLINOIS CARPENTERS RETIREMENT SAVINGS FUND, MID-CENTRAL ILLINOIS REGIONAL COUNCIL OF CARPENTERS- JOINT APPRENTICESHIP & TRAINING COMMITTEE, WEST CENTRAL ILLINOIS BUILDING & CONSTRUCTION TRADES COUNCIL, CHICAGO REGIONAL COUNCIL OF CARPENTERS, SOUTHERN REGION (formerly MID-CENTRAL ILLINOIS REGIONAL COUNCIL OF CARPENTERS), CENTRAL ILLINOIS BUILDERS, COMBINED CENTRAL ILLNOIS CONSTRUCTION INDUSTRY FUNDS, CARPENTERS INTERNATIONAL TRAINING FUND, CARPENTERS LABOR MANAGEMENT EDUCATION & DEVELOPMENT FUND, MID-CENTRAL ILLINOIS REGIONAL COUNCIL OF CARPENTERS PROMOTIONAL FUND, MID-CENTRAL ILLINOIS JOINT LABOR MANAGEMENT SUBSTANCE ABUSE TESTING & ASSISTANCE FUND, TRI-COUNTY LABOR MANAGEMENT COUNCIL, CARPENTERS LOCAL 237, CARPENTERS LOCAL 243; <br><br> and <br><br> CARPENTERS PENSION FUND OF ILLINOIS, By and Through Its Board of Trustees, <br><br> Plaintiffs, | Cause No. 18-1836 |

v.

PROSTAR SURFACES, INC.,

    Defendant.

## COMPLAINT

COME NOW Plaintiffs, CENTRAL ILLINOIS CARPENTERS HEALTH & WELFARE TRUST FUND ("Welfare Fund") MID-CENTRAL ILLINOIS CARPENTERS RETIREMENT SAVINGS FUND ("Retirement Savings Fund"), MID-CENTRAL ILLINOIS REGIONAL COUNCIL OF CARPENTERS- JOINT APPRENTICESHIP & TRAINING COMMITTEE ("JATC"), WEST CENTRAL ILLINOIS BUILDING & CONSTRUCTION TRADES COUNCIL ("Construction Trades Council"), CHICAGO REGIONAL COUNCIL OF CARPENTERS, SOUTHERN REGION (formerly MID-CENTRAL ILLINOIS REGIONAL COUNCIL OF CARPENTERS) ("Regional Council"), CENTRAL ILLINOIS BUILDERS ("Central Illinois Builders"), COMBINED CENTRAL ILLNOIS CONSTRUCTION INDUSTRY FUNDS ("Construction Industry Funds"), CARPENTERS INTERNATIONAL TRAINING FUND ("Training Fund"), CARPENTERS LABOR MANAGEMENT EDUCATION & DEVELOPMENT FUND ("Development Fund"), MID-CENTRAL ILLINOIS REGIONAL COUNCIL OF CARPENTERS PROMOTIONAL FUND ("Promotional Fund"), MID-CENTRAL ILLINOIS JOINT LABOR MANAGEMENT SUBSTANCE ABUSE TESTING & ASSISTANCE FUND ("Substance Abuse Fund"), TRI-COUNTY LABOR MANAGEMENT COUNCIL ("Tri-County Council"), CARPENTERS LOCAL 237 ("Local 237"), CARPENTERS LOCAL 243 ("Local 243") and CARPENTERS PENSION FUND OF ILLINOIS ("Pension Fund"), by undersigned Counsel, and for Count I of their Complaint against Defendant, PROSTAR SURFACES, INC., allege as follows:

2

## Parties

1. Plaintiff Central Illinois Carpenters Health and Welfare Fund (hereinafter "Welfare Fund") is an employee benefit plan within the meaning of Sections 3(1) and (3), 502 and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. § 1002(1), (3), 1132 and 1145. The Welfare Fund's Board of Trustees are fiduciaries within the meaning of Section 3(21)(A) and 502 of ERISA, 29 U.S.C. §§ 1002(21)(A) and 1132 and are authorized to maintain this cause of action pursuant to Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3), to enforce the terms of an ERISA plan.

2. Welfare Fund is administered, and receives and processes contributions, in Lincoln, Logan County, Illinois.

3. The Welfare Fund has been duly authorized to act as an agent in the collection of contractual contributions and wage deductions due to Retirement Savings Fund, JATC, Construction Trades Council, Regional Council, Central Illinois Builders, Construction Industry Funds, Training Fund, Development Fund, Promotional Fund, Substance Abuse Fund, Tri-County Council, Local 237 and Local 243, which are collectively-bargained funds, or separate labor-management cooperatives, and to which Defendant agreed to make contributions on behalf of certain of its employees. Said contributions and wage deductions are received and processed by Welfare Fund at its office in Lincoln, Logan County, Illinois.

4. Plaintiff CARPENTERS PENSION FUND OF ILLINOIS (hereinafter "Pension Fund") is an employee benefit plan within the meaning of Sections 3(1) and (3), 502 and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. § 1002(1), (3), 1132 and 1145. Pension Fund's Board of Trustees are fiduciaries within the meaning of Section 3(21)(A) and 502 of ERISA, 29 U.S.C. §§ 1002(21)(A) and 1132 and are authorized to

maintain this cause of action pursuant to Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3), to enforce the terms of an ERISA plan.

5. Pension Fund is administered, and receives and processes contributions, in Geneva, Kane County, Illinois.

6. Together, the foregoing entities will be referred to as "Plaintiff Funds."

7. Defendant, PROSTAR SURFACES, INC. ("Defendant," or "ProStar") is a Wisconsin Corporation maintaining its principal place of business in Mequon, Ozaukee County, Wisconsin, or in Milwaukee, Milwaukee County, Wisconsin.

8. Defendant is, was and at all relevant times has been, an employer in an industry affecting commerce within the meaning of Sections 3(5), (11), (12) and 515 of ERISA, 29 U.S.C. §§ 1002(5), (11), (12) and 1145 and of §§ 2(2), (6) and (7) of the Labor-Management Relations Act of 1947 ("LMRA"), as amended, 29 U.S.C. §§ 152(2), (6) and (7).

## Jurisdiction and Venue

9. This Court has jurisdiction over Plaintiffs' claims by virtue of Sections 502(a)(3), (e)(1), (e)(2), and 515 of ERISA, 29 U.S.C. § 1132(a)(3), (e)(1), (e)(2) and 1145, and § 301(a) and (c) of the LMRA, 29 U.S.C. § 185(a) and (c).

10. This Court has personal jurisdiction over Defendant pursuant to ERISA § 502(e), 29 U.S.C. § 1132(e) and pursuant to § 301 of the LMRA, 29 U.S.C. § 185(a).

11. Venue is proper in this Court pursuant to ERISA Section 502(e)(2), 29 U.S.C. § 1132(e)(2) and § 301 of the LMRA, 29 U.S.C. § 185.

## Facts Common to All Counts

12. At all times relevant to this Complaint, ProStar has been signatory to one or more Collective Bargaining Agreements ("Agreement(s)") with the Regional Council.

13. ProStar agreed to pay monetary contributions to the Welfare Fund at specified rates, based on hours worked and/or gross pay received, for and on behalf of its employees working under the terms of the Agreement(s).

14. ProStar is also required by the terms of the Agreement(s) to pay certain contributions to, or to deduct certain amounts from its employees' gross wages and to transfer those amounts to the Welfare Fund for disbursement to Retirement Savings Fund, JATC, Construction Trades Council, Regional Council, Central Illinois Builders, Construction Industry Funds, Training Fund, Development Fund, Promotional Fund, Substance Abuse Fund, Tri-County Council, Local 237 and Local 243.

15. Welfare Fund has been duly authorized to act as an agent in the collection of contributions due to certain collectively-bargained funds, or separate labor-management cooperatives, or labor union(s), and to which ProStar agreed to make contributions on behalf of certain of its employees pursuant to the terms of the Agreement(s).

16. The Agreement(s) and/or Trust Documents adopted by the Trustees of the Welfare Fund and to which Defendant is bound and required to comply, specifically provide that in the event a signatory contractor fails to submit timely reports of hours, or payments of contributions due, the contractor shall be liable to the Welfare Fund for the contributions due, as well as interest, liquidated damages, court costs, auditing and/or accounting fees and attorneys' fees and costs. Such relief is also specifically authorized in an action pursuant to ERISA §§ 502 and 515, 29 U.S.C. §§ 1132 and 1145.

## COUNT I

## AUDIT LIABILITY DUE

## (CENTRAL ILLINOIS CARPENTERS HEALTH & WELFARE TRUST FUND AND FUNDS ON BEHALF OF WHICH WELFARE FUND ACTS AS COLLECTION AGENT)

COMES NOW Plaintiff, Central Illinois Carpenters Health & Welfare Trust Fund, on its own behalf and on behalf of those funds for which it has been duly authorized to act as collection agent, and for Count I of their Complaint against Defendant, ProStar Surfaces, Inc., states as follows:

17. Welfare Fund restates and reincorporates paragraphs 1 through 16 of their Complaint, as if fully set forth herein.

18. The Agreement(s) and/or Trust Documents authorize the Trustees to conduct audits of signatory contractors from time to time.

19. Defendant was audited for the period of February 1, 2016 through December 31, 2017.

20. The audit resulted in a finding of delinquent contributions due in the amount of $17,139.11 ("Delinquency"). *See*, **EXHIBIT A.**

21. As a result of incurring the Delinquency, Defendant is further liable for interest in the amount of at least $2,901.01, or a different and greater amount to be proven at trial.

22. As a result of incurring the Delinquency, Defendant is further liable for Liquidated Damages in the amount of $3,427.88.

23. Defendant is also liable for the audit fee of $1,304.71. *See*, **Exhibit C**.

24. Pursuant to ERISA, 29 U.S.C. Section 1132(g)(2), and the Trust Agreement(s), the Defendant is liable for reasonable attorney fees and court costs and all other reasonable expenses

incurred by Plaintiffs in collection of delinquent contributions and liquidated damages, in an amount to be proven at trial.

25. Plaintiffs made demand for payment of the foregoing amounts, but Defendant has failed and refused to pay without good cause.

26. As a result of the acts and omissions complained of herein, Plaintiffs have been harmed.

WHEREFORE, Plaintiffs Welfare Fund Retirement Savings Fund, JATC, Construction Trades Council, Regional Council, Central Illinois Builders, Construction Industry Funds, Training Fund, Development Fund, Promotional Fund, Substance Abuse Fund, Tri-County Council, Local 237 and Local 243, pray:

A. That Judgment be entered in favor of Plaintiff Funds and against ProStar;

B. For an Order awarding Plaintiffs delinquent contributions in the amount of $17,139.11.

C. For an Order awarding Plaintiffs interest in the amount of $2,901.01, or a different and greater amount to be proven at trial;

D. For an Order awarding Plaintiffs Liquidated Damages in the amount of $3,427.88;

E. For an Order awarding Plaintiffs audit costs of $1,304.71;

F. That Defendant be specifically required to perform and continue to perform all its obligations to the Plaintiffs;

G. For an Order awarding Plaintiffs their reasonable attorney fees of this action, in an amount to be proven at trial;

H. For an Order for such other and further relief as the Court deems just and equitable, all at Defendant's cost.

7

## COUNT II

## AUDIT LIABILITY DUE

## (CENTRAL ILLINOIS CARPENTERS HEALTH & WELFARE TRUST FUND AND FUNDS ON BEHALF OF WHICH WELFARE FUND ACTS AS COLLECTION AGENT)

COMES NOW Plaintiff, Carpenters Pension Fund of Illinois, and for Count II of its Complaint against Defendant, ProStar Surfaces, Inc., states as follows:

27. Pension Fund restates and reincorporates paragraphs 1 through 16 and 17 through 26 of Count I of their Complaint, as if fully set forth herein.

28. The Agreement(s) and/or Trust Documents authorize the Trustees to conduct audits of signatory contractors from time to time.

29. Defendant was audited for the period of February 1, 2016 through December 31, 2017.

30. The audit resulted in a finding of delinquent contributions due to Pension Fund in the amount of $15,287.31 ("Delinquency"). *See*, **EXHIBIT B.**

31. As a result of incurring the Delinquency, Defendant is further liable for interest in the amount of $2,570.57, or a different and greater amount to be proven at trial.

32. Defendant is also liable for the audit fee of $1,008.97. *See*, **Exhibit C**.

33. Pursuant to ERISA, 29 U.S.C. Section 1132(g)(2), and the Trust Agreement(s), the Defendant is liable for reasonable attorney fees and court costs and all other reasonable expenses incurred by Plaintiffs in collection of delinquent contributions and liquidated damages, in an amount to be proven at trial.

34. Plaintiff made demand for payment of the foregoing amounts, but Defendant has failed and refused to pay without good cause.

35. As a result of the acts and omissions complained of herein, Plaintiff has been harmed.

WHEREFORE, Plaintiff Pension Fund prays:

A. That Judgment be entered in favor of Pension Fund and against ProStar;

B. For an Order awarding Plaintiffs delinquent contributions in the amount of $15,287.31.

C. For an Order awarding Plaintiffs interest in the amount of $2,570.57, or a different and greater amount to be proven at trial;

E. For an Order awarding Plaintiffs audit costs of $1,008.87;

F. That Defendant be specifically required to perform and continue to perform all its obligations to the Plaintiffs;

G. For an Order awarding Plaintiffs their reasonable attorney fees of this action, in an amount to be proven at trial;

H. For an Order for such other and further relief as the Court deems just and equitable, all at Defendant's cost.

Respectfully Submitted,

CAVANAGH & O'HARA LLP

/s/ James R. Kimmey
JAMES R. KIMMEY, ARDC 6314932
Cavanagh & O'Hara LLP
101 W. Vandalia St., Suite 245
Edwardsville, IL 62025
(618) 692-5250 (tel.)
(618) 692-5254 (fax)
jaykimmey@cavanagh-ohara.com

Attorneys For Plaintiffs